UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES R. MCNICHOLS,                                                                   Plaintiff

v.                                                                 Civil Action No. 3:17-CV-688-RGJ

N.P. CHRISTINA LYONS, *et al.*                                      Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Charles McNichols' ("McNichols") Second Motion to Amend his Complaint. [DE 89]. Defendants Correct Care Solutions, LLC ("CCS"), Christina Lyons ("Lyons"), and Anne Jones ("Jones," collectively "Defendants") responded [DE 95], and McNichols replied. [DE 99]. Defendants also objected to Magistrate Judge Edwards' Scheduling Order [DE 96]. McNichols responded [DE 99], and Defendants moved to strike McNichols' response. [DE 100]. McNichols then responded to the motion to strike [DE 101] and Defendants replied [DE 102].

For the following reasons, McNichols' Motion to Amend [DE 89] is **GRANTED**, and Defendants' objection to Magistrate Judge Edwards' Scheduling Order [DE 96] and their Motion to Strike [DE 100] are **DENIED as MOOT**.

**I.**       **BACKGROUND**

The Court set forth the factual background in its order on summary judgment and incorporates that background here. [DE 75]. Early in this case, the Court allowed McNichols to amend his complaint to state a valid claim for relief. [DE 11].

McNichols has had a long history of problems with his ears. His complaints stem from the care he received, or allegedly did not receive, while at the Kentucky State Reformatory ("KSR"), related to his ear issues. On initial review of Plaintiff's amended superseding complaint [DE 13], the Court allowed Plaintiff's Eighth Amendment claims that Defendants were deliberately indifferent to

1

a serious medical need by repeatedly transferring him throughout the state to delay treatment related to his ears/hearing and failing to timely respond to his sick call requests. [DE 31]. Plaintiff was incarcerated at KSR during most of the time pertinent to the complaint. CCS is the medical provider at KSR, and Lyons and Jones, who McNichols sues in their individual capacities, are two CCS Nurse Practitioners who worked at KSR.

McNichols, now represented by counsel, filed a second motion to amend his complaint. [DE 89]. McNichols then moved to vacate the trial date and set a discovery schedule [DE 90]. Magistrate Judge Edwards granted the request to vacate the trial date and entered a scheduling order. [DE 93]. Defendants object to the discovery schedule to the extent that it prematurely reopens discovery. [DE 96]. And Defendants move to strike one of McNichols' responses as untimely. [DE 100].

## II.   DISCUSSION

### A.   Motion to Amend [DE 89].

McNichols moves to amend his complaint a second time to "clarif[y] and ensure[] all necessary factual details are included," to add "events [that] have occurred as recently as 2022 . . . to clarify the claims, and to ensure all claims with merit and all remedies are available." [DE 89 at 2119-20]. McNichols adds both new claims and new facts in his amended complaint. [DE 89-1]. Defendants oppose the amendment arguing there was undue delay and there is undue prejudice. [DE 95].

In his initial Complaint, McNichols named CCS, and employees Lyons, Jones, Michael Jordan ("Jordan"), and Tara Hughes ("Hughes"). [DE 11 at 36]. On review under 28 U.S.C. § 1915A, the Court found McNichols failed to state any claim, but allowed him to amend his complaint. [*Id.* at 36-38]. From McNichols' first amended complaint the Court allowed an Eighth Amendment claim against CCS and Eighth Amendment individual capacity claims against Lyons and Jones. [DE 31 at 311]. The Court dismissed all other claims and parties. [*Id.*]. McNichols' second amended complaint contains seven counts against CCS, Lyons, Jones, Jordan, and Hughes: Count 1, 42 U.S.C. § 1983 Deliberate Indifference (against all

Defendants), Count 2, § 1983 *Monell* Liability (against CCS and Jordan), Count 3, Negligence/Gross Negligence (against all Defendants), Count 4, Respondeat Superior (against CCS), Count 5, Punitive Damages (against all Defendants), Count 6, Declaratory Relief (against all Defendants), and Count 7, Injunctive Relief (against all Defendants). [DE 89 at 2120; DE 89-1]. McNichols states that Counts 1 and 2 are contained within McNichols' Eighth Amendment claim from his amended complaint and that the remaining claims are to "ensure all claims with merit and remedies are available." [DE 89 at 2120].

    *i.*  *Standard for Amendment*

"Seeking leave to amend a complaint after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16." *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016). Rule 15 provides that a plaintiff may amend his pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). But when the deadline established by the court's scheduling order has passed, "a plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)) (finding that the district court did not abuse its discretion by denying motion to amend filed after discovery and dispositive motion deadlines). As a result, when the plaintiff's pleading amendment deadline has passed, the court only examines the standard factors governing amendment of complaints under Rule 15(a) if the good cause provision of Rule 16(b) is met.

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether the plaintiff has shown good cause under

Rule 16(b) for failure to seek leave to amend before the deadline had passed, the Court considers whether: 1) the plaintiff has exhibited diligence in trying to meet the scheduling order's requirements; and 2) defendant is prejudiced by amendment. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "If a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-CV-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007) (citing *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1173–74 (9th Cir. 2007)). Prejudice to the non-moving party is a relevant consideration, "but the main focus should remain on the moving party's exercise of diligence." *Cooke v. AT&T Corp.*, No. 2:05-CV-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can

be granted. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64 (2007)). The moving party has the burden of proving that no claim exists. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

"*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys." *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory" and "the less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complainant must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet For Fams. & Child.*, No. 3:07CV-11-S, 2007 WL 2462184, at *4 (W.D. Ky. Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002)).

> ii. *Analysis*

McNichols accurately notes that the Court's scheduling orders do not directly address a deadline for amending pleadings. [DE 89 at 2120]. Neither party objected to the Court's scheduling orders. As no deadline was set by the Court, McNichols could not have filed his motion outside the Court's scheduling order, and the Court need not consider good cause under Rule 16. *See Wheat v. Fifth Third Bank*, No. 1:11-CV-00737, 2016 WL 8135426, at *2 (S.D. Ohio May 6, 2016) (where the court did not directly set a deadline for amending pleadings, the court "question[ed] whether the instant motion even can be evaluated as a "modification" of a Rule 16(b) scheduling order"). Thus, the Court will consider undue delay and prejudice under Rule 15(a).

> a. *Undue Delay*

McNichols argues that he diligently pursued his rights as a pro se plaintiff and that he only recently retained counsel, who quickly filed the second amended complaint to clarify the claims. [DE 89]. Defendants argue that McNichols' filed his "First Amended Complaint nearly five years ago," and that "the pretrial discovery and dispositive motion deadlines expired almost two years ago." [DE 95 at 2169]. And Defendants argue that no "intervening event led [McNichols] to discovery [sic] the viability of the new proposed claims." [*Id.*]. McNichols replies that he "did not have an attorney, nor the means to hire an attorney, and he was severely handicapped in this litigation because he was incarcerated the entire time." [DE 98 at 2197-98]. He argues that as "an uneducated pro se inmate[,] he is not a lawyer and had no way to know what claims he should or should not bring on his behalf." [*Id.*].

Defendants cite two cases, *Cerni v. J.P. Morgan Sec. LLC*, 208 F. Supp. 3d 533 (S.D.N.Y. 2016), and *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388 (1st Cir. 2013). [DE 95 at 2169-72]. In *Cerni*, the Court denied plaintiff's leave to amend to "clarify" his pleading because he had "ample opportunity" to allege a new claim. *Cerni*, 208 F. Supp. 3d at 544 ("Cerni does not allege that some intervening event has occurred that led him to recently discover the viability of a disparate treatment

claim. To the contrary, the fact that Cerni claims he only wants to 'clarify' his pleading suggests that Cerni had the facts relevant to a disparate treatment claim all along." (internal citation omitted)). In *Nikittine*, the Court disallowed a motion to amend where the plaintiff was scrambling to devise "new theories of liability based on the same facts pled in his original complaint . . . that could and should have been put forward in a more timeous fashion." *Nikitine*, 715 F.3d at 391 (internal citations omitted). While these cases are not out of the Sixth Circuit and are not directly factually analogous—for example, in neither case was the plaintiff incarcerated or pro se—the Sixth Circuit similarly evaluates delay. *See Commerce Benefits Group, Inc.*, 326 F. App'x at 376 (plaintiff "could not adequately explain its delay in bringing the claims" where "the factual basis for the new claims existed at the beginning of the lawsuit").

McNichols' filed his Amended Complaint in June 2018. [DE 13]. The Court never entered an deadline for amending pleading. McNichols obtained counsel who filed appearance in April 2023. [DE 88]. McNichols' counsel filed the instant second motion to amend in May 2023, only one month after entering his appearance but nearly five years after the Court allowed the first amended complaint. [DE 89]. McNichols argues that he did not have the sophistication of an attorney to understand his rights— that he was diligent and did not delay in filing his Second Amended Complaint because he did not have an attorney earlier in the case. [DE 98 at 2197-98]. While pro se litigants must comply with the rules of procedure, the Court also allows them leeway. "Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389 (2008). "Implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). McNichols, an indigent pro se plaintiff, was "less capable of formulating legally competent initial pleadings," *Neitzke v. Williams*, 490 U.S. 319, 331 (1989), and should be allowed leniency here. The Court therefore finds

McNichols did not unduly delay in filing his Second Amended Complaint.

### b. Prejudice

McNichols argues there is no undue prejudice because "[d]iscovery has not been conducted other than through document exchange so the risk of repetitive discovery is non-existent," and that "Defendant did not even depose the Plaintiff prior to their motion for summary judgment." [DE 89 at 2120-21]. He also argues that Defendants would not be prejudiced because they "were on notice and aware" of the recent events he seeks to add. [*Id.* at 2121]. Defendants argue they would be prejudiced because discovery has already been exchanged, pretrial and dispositive motion deadlines have passed, and they would not have had a "fair and efficient opportunity to seek a justified dismissal of these new claims on the merits." [DE 95 at 2170-71]. McNichols' replies that there "is no prejudice in terms of conducting discovery because no discovery was taken." [DE 98 at 2197].

As to Defendants' argument that they would have no opportunity "to seek a justified dismissal of [McNichols'] new claims on the merits," Defendants have been afforded such an opportunity through their opposition to McNichols' motion to amend. [DE 95 at 2170-71]. An argument on futility is an argument on the legal merit of the claim—the standard for futility mirrors that of a 12(b)(6) dismissal. *See Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). And if any new claims are allowed, the Court will allow the parties a new opportunity for summary judgment on those claims. Thus, no prejudice results from dispositive motion filing dates. *See Brunson v. Montgomery Cnty.*, No. 3:16-CV-00368, 2017 WL 3301574, at *2 (S.D. Ohio Aug. 3, 2017), *report and recommendation adopted,* No. 3:16CV00368, 2017 WL 3581095 (S.D. Ohio Aug. 18, 2017) ("Given Defendant's ability to challenge Plaintiff's second proposed amended complaint on futility grounds, no prejudice is imposed on Defendant's ability to seek dismissal of Plaintiff's pleadings").

Regarding discovery, no meaningful discovery has taken place here. No parties have been deposed, no experts retained, and only a few documents have been exchanged. [DE 98 at 2198].

Furthermore, all documentary discovery should already be in Defendants' possession. Thus Defendants would not be prejudiced by the taking of discovery.

The Court therefore finds no prejudice would result from allowing this proposed amendment.

### c. Futility

#### 1. Claims against Jordan and Hughes

In his second amended complaint, McNichols seeks to add claims against Jordan and Hughes. [DE 89-1]. Defendants argue against adding these defendants because the statute of limitations has run and the Court dismissed the claims originally asserted against Jordan and Hughes before they were notified of this lawsuit. [DE 95 at 2173]. Defendants also argue that the claims have no merit. [DE 95]. McNichols does not dispute that the statute of limitations has run but argues that his claims against these defendants relate back under Rule 15(c)(1)(B) and are meritorious. [DE 98].

After the statute of limitations for a claim has expired, a plaintiff may only amend if Federal Rule of Civil Procedure 15(c) allows the amendment to relate back to the date of the original pleading. *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 789 (N.D. Ohio 2010). "[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010). "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (emphasis in original). "Rule 15(c)(1)(C) addresses situations where a change in parties or the naming of parties is sought." *DeBois v. Pickoff*, No. 3:09CV230, 2011 WL 1233665, at *5 (S.D. Ohio Mar. 28, 2011). Rule 15(c)(1)(C) provides that an amendment that changes the party or the naming of the party against whom a claim is asserted relates back to the date of the original complaint only where: (1) the claim to be amended arose out of the same transaction or occurrence as the original complaint; (2) the party to be added received

9

such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint, 120 days. Fed. R. Civ. P. 15(c). Notice may be actual or constructive. *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986). This is a "patently factual inquiry." *Eady v. Young*, No. 4:12-CV-28, 2013 WL 11328159 (E.D. Tenn. Feb. 6, 2013).

Furthermore, when an official is sued in their official capacity, or involved in a lawsuit in their official capacity, that does not explicitly put them on notice that they may be sued in their individual capacity. *See Lovelace v. O'Hara*, 985 F.2d 847 (6th Cir. 1993). A plaintiff's knowledge of a mistake or lack thereof is irrelevant under Rule 15(c)(1)(C); the rule is only concerned with whether "the newly named defendant knew or should have known that but for the plaintiff's mistake the action would have been brought against him." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010) (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)). "A defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint." *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 15(c)).

McNichols does not dispute that the statutes of limitation have run but instead argues that the "original defendants named in this action []remain the same." [DE 89 at 2120; DE 98]. The Court initially dismissed

Jordan and Hughes, and they are not thus currently named parties.[1]  The Court therefore examines the addition of these defendants under Rule 15(c)(1)(C) and turns to the question of notice.  *See Reeves*, 2021 WL 6882412, at *3 (finding that Rule 15(c)(1)(C) applied when Court had dismissed claims against defendant and plaintiff sought to add them back in amendment); *and Finnerty v. Wireless Retail, Inc.*, 624 F. Supp. 2d 642, 652 (E.D. Mich. 2009), *aff'd sub nom. Finnerty v. RadioShack Corp.*, 390 F. App'x 520 (6th Cir. 2010) ("the adoption of the plaintiff's argument that if she meets the requirements of 15(c)(1)(B), she need not also meet (c)(1)(C), would lead to an illogical result")

Though the original complaint names Jordan and Hughes, the Court dismissed the claims against them without prejudice and before service of process.  [DE 31].  McNichols argues that "Jordan and Hughes were officials of the named Defendant Correct Care Solutions, LLC, and were originally served."  [DE 98 at 2201].  Firstly, the Clerk of Court issued no summons to Jordan or Hughes—it only issued summons for CCC, Jones, and Lyons in connection with the original and amended complaints.  [DE 33].  Furthermore, an official's involvement in a lawsuit does not explicitly put them on notice that they may be sued in their individual capacity.  *See Lovelace v. O'Hara*, 985 F.2d 847 (6th Cir. 1993).  The Court has nothing before it to suggest that Jordan and Hughes received actual notice.

With respect to constructive notice, while McNichols argues without case law that the grievances he filed "should have put Jordan on notice that he may have to defend the claims in the grievances at some point," this is not the standard.  [DE 98 at 2202].  Rather, the defendant to be added must have "received such notice *of the action* that it will not be prejudiced in defending on the merits" and "knew or should have known

---

[1] McNichols does not explicitly concede that the Court properly dismissed Jordan and Hughes, but he similarly does not make any argument to the contrary. [DE 89; DE 98]. As a result, the Court declines to revisit its previous conclusion on dismissing these parties. *See Reeves v. Quickway Transp., Inc.*, No. 3:18-CV-733-DJH-LLK, 2021 WL 6882412, at *2 (W.D. Ky. May 28, 2021) (declining to revisit previous conclusion on statute of limitations issue under Fed. R. Civ. P 15(c) where plaintiff did not explicitly concede but also did not make explicit argument). To the extent that McNichols alternatively "requests that the original dismissal of Defendants Jordan and Hughes be vacated," this perfunctory statement is insufficient to assert a separate argument. [DE 98 at 2202]; *see El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009).

11

that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). There is no evidence to suggest that Jordan or Hughes received notice of the *lawsuit* or that they knew or should have known—or would have had any reason to even suspect—that this lawsuit was or should have been brought against them. Jordan and Hughes did not receive "such notice of the action that [they] will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i).

McNichols asks the Court to allow discovery to ascertain whether Jordan and Hughes were on notice of the suit. [DE 98 at 2202]. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Recs., LLC v. Does 1-15*, No. 2:07-CCV-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007). *See also Obeidallah v. Anglin*, No. 2:17-CV-720, 2018 WL 8415412 at *2 (S.D. Ohio Aug. 20, 2018). "Courts consider several factors in determining if good causes exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette Outdoor Living, Inc v. Does*, No. 1:16 CV 914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016). The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin*, No. CIV.A. 2:10-CV-00314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010). Courts have allowed limited, expedited discovery when failing to do so would substantially impact the case from progressing on the court's docket. *See, e.g., Antoine v. Boutte*, No. CV 15-561-JWD-EWD, 2016 WL 6138252, at *3 (M.D. La. Oct. 20, 2016); *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520 (E.D. Wis. 2007). The Court retains broad discretion in establishing the timing and scope of discovery. *See Obeidallah*, 2018 WL 8415412, at * 2 (citing *Lemkin v. Bell's Precision Grinding*, No. CIV.A. 2:08-CV-789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009)).

As Jordan and Hughes were originally named in McNichols' complaint, they would be in sole possession of the relevant discovery, and the scope of discovery requested is narrow, the Court finds

good cause exists for the discovery sought. In light of the time this action has been pending and that the parties have already engaged in discovery, the Court also finds that good cause exists for the parties to expedite such discovery. The Court thus **GRANTS** the request and allows discovery to determine whether Jordan or Hughes received notice of the lawsuit. The Court will allow amendment if discovery demonstrates notice and will disallow amendment if discovery does not show notice. The Court also **REFERS** this matter to the magistrate for a discovery scheduling order.

### 2. Claims Against All Other Defendants

McNichols also seeks to add claims against the existing defendants. While the Court initially allowed an Eighth Amendment claim against each defendant, McNichols now seeks to expand this claim into seven counts: one of Deliberate Indifference, a *Monell* claim, a Negligence/Gross Negligence claim, a Respondeat Superior claim, a Punitive Damages claim, a Declaratory Relief claim, and a claim for Injunctive Relief. [DE 89 at 2120; DE 89-1]. McNichols states that the deliberate indifference and *Monell* claims are contained within his amended complaint's Eighth Amendment claim, and that the remaining claims are to "ensure all claims with merit and remedies are available." [DE 89 at 2120].

#### i. Federal Law Claims

The Court first looks at the new federal law allegations. Defendants do not argue that the "[n]ew allegations related to [the] pending deliberate indifference claims" are futile. [DE 95 at 2175]. Rather, they argue without case law that "any new allegations related to the previously pending claims that occurred after the filing of the operative complaint should be set forth and separated in a proposed *supplemental* pleading." [*Id.* (emphasis in original)]. McNichols argues that he should be allowed to amend his complaint to include "events [that] have occurred as recently as 2022 that impact this case and relate to the claims." [DE 89 at 2121]. He argues that there is no prejudice to Defendants in adding these claims because they "were on notice and aware of the more recent events . . . as they occurred." [*Id.*]. The Complaint describes one "recent event" from 2022: "[i]n August 2022, it was recommended that Plaintiff be provided hearing aids which still

13

has not happened." [DE 89-1 at 2136].

The distinction between an amended pleading and a supplemental pleading is somewhat trivial, as "'the same standard of review and rationale apply' to a motion to amend under Fed. R. Civ. P. 15(a) and a motion to supplement under Fed. R. Civ. P. 15(d)." *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 n. 4 (E.D. Mich. 2021) (quoting *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)). Under the Federal Rules of Civil Procedure, a plaintiff may file "supplemental pleadings" for a pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). "Where a motion seeks to add entirely new claims that occurred before the original pleading, the motion is properly considered to be a motion to amend, not one to supplement." *White v. Corizon, Inc.*, No. 1:19-CV-948, 2020 WL 813410, at *7 (W.D. Mich. Feb. 19, 2020) (citing *Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007)); *see also United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (within the meaning of Rule 15, supplements relate to events that have transpired since the date of the original pleading, while amendments typically rely on matters in place prior to the filing of the original pleading). Supplemental pleadings "cannot be used to introduce a separate, distinct and new cause of action." *White v. Corizon, Inc.*, No. 1:19-CV-948, 2020 WL 813410, at *7 (W.D. Mich. Feb. 19, 2020).

McNichols asserts that the purpose of his request for amendment is to "clarify[y] and ensure[] all necessary factual details are included for the claims" and to add "events [that] have occurred as recently as 2022 that impact this case and relate to the claims." [DE 89 at 2119-20]. McNichols states that "the underlying facts in the Second Amended Complaint remain substantively the same" as "Plaintiff is filing this Complaint to clarify the claims, and to ensure all claims with merit and all remedies are available." Thus the Court will consider allegations and claims relating to events that transpired subsequent to this action as a request to supplement, and any new claims relating to the original cause of action as a request to amend.

When determining whether a supplemental pleading arises from the same conduct, transaction, or

occurrence as the original complaint, the court should ask "whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *Zundel v. Holder*, 687 F.3d 271, 283 (6th Cir. 2012). "Factors such as undue delay, trial inconvenience, and prejudice to the parties should be considered when evaluating a motion to file a supplemental pleading." *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 362 (W.D. Tenn. 1999). Granting a motion to supplement a complaint under Fed. R. Civ. P. 15(d) is within the discretion of the trial court. *Allen v. Reynolds*, 895 F.2d 1412 (6th Cir. 1990). "[A] court does not abuse its discretion in denying a motion for leave to supplement where the new information sought to be added would not 'remedy the deficiencies in the original complaint.'" *Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 646 (E.D. Mich. 2021) (quoting *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986)).

Here, the first amended complaint describes Defendants' conduct related to McNichols' failure to receive ear surgery. The proposed second amended complaint describes an event that happened after his complaint was filed, and is thus a proposed supplementation: "it was recommended [in August 2022] that Plaintiff be provided hearing aids which still has not happened." [DE 89-1 at 2136]. McNichols argues that the hearing aid issue "is part of the continuing actions by CCS to interrupt Plaintiff's prescribed plans of treatment causing delay and harm." [DE 98 at 2202]. But based on the second amended complaint, three years passed between the last event at issue in 2019—when McNichols was transferred, preventing treatment—and the denial of hearing aids which occurred in 2022. [DE 89-1 at 2135-36]. McNichols may need hearing aids following his surgery, but nothing in the proposed supplemental facts suggests that the hearing aids are directly related to the reason he filed this suit—the ear surgery McNichols sought to receive. The first amended complaint does not describe any conduct related to attempts to obtain hearing aids. The second amended complaint does not describe sufficient details for the Court to find the hearing aids issue relates to the ear surgery issue. Thus the Court does not allow amendment or supplementation for the hearing aid issue because it is a new claim and does not arise from the same conduct, transaction, or occurrence as

the matters from his second amended complaint. *See Smotherman v. United States*, No. 2:19-CV-175, 2019 WL 13255680, at *3 (S.D. Ohio Feb. 25, 2019) ("The Court concludes that justice would not be served by permitting Plaintiff to file an Amended Complaint to assert a new claim wholly unrelated to the claim he advanced in his original Complaint.") (collecting cases); *and Dyess v. Mullins*, No. 1:16-CV-910, 2017 WL 3838642, at *3 (S.D. Ohio Sept. 1, 2017) (denying amendment of complaint to add new, unrelated claims and noting that "little prejudice will result to [the plaintiff] by requiring him to file a separate new complaint . . . rather than appending the new claims to this case").

The Court does allow for McNichols to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). His supplemental pleading may include events or occurrences related to McNichols' ear surgery or lack thereof. This supplemental pleading may not include claims for new complaints such as the failure to provide him with hearing aids.

Defendants make no additional argument on excluding the two federal causes of action related to McNichols Eighth Amendment claim, and thus the Court allows for Amendment of the Complaint to include a § 1983 Deliberate Indifference claim against all Defendants and a § 1983 *Monell* Liability claim against CCS.

## ii. State Law Claims

Defendants argue that McNichols' supplemental state-law claims are futile because McNichols failed to comply with Kentucky's state-law exhaustion requirement.[2] [DE 95 at 2175]. McNichols argues without support that "[d]iscovery must be conducted to determine if there are any additional grievances" because "Plaintiff alleges he filed grievances that were not provided or produced." [DE 98 at 2203]. He argues because of this, "the grievances included by Plaintiff in the First Amended Complaint should be considered

---

[2] Defendants do not assert that McNichols failed to exhaust administrative remedies with respect to his federal claims, so the Court considers administrative exhaustion only with respect to McNichols' state law claims.

as complying with KRS 454.415(1)(d)." [*Id.*]. McNichols does not expand on this argument or support it with case law. [*Id.*].

Under Kentucky law, a plaintiff must exhaust administrative remedies prior to suing for conditions of confinement and "attach to any complaint filed documents verifying that administrative remedies have been exhausted." Ky. Rev. Stat. ("KRS") 454.415(1), (3); *see Houston v. Fletcher*, 193 S.W.3d 276, 277 (Ky. App. 2006). "The burden to provide documentation of exhaustion of administrative remedies is placed solely on the inmate by KRS 454.415(3)." *Gibson v. Kentucky Dep't of Corr.*, No. 2020-CA-1246-MR, 2022 WL 1435436, at *2 (Ky. App. May 6, 2022). "A court shall dismiss a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section if the inmate has not exhausted administrative remedies. . . ." KRS § 454.415(4). Inmates are required under this statute to exhaust all administrative remedies in accordance with the DOC policies and procedures before filing a civil action involving a disciplinary proceeding. KRS 454.415(1)(a). "The failure to raise an issue before an administrative body precludes a litigant from asserting that issue in an action for judicial review of the agency's action." *See O'Dea v. Clark*, 883 S.W.2d 888, 892 (Ky. App. 1994); *see also Houston*, 193 S.W.3d at 278 (emphasis added) (affirming the dismissal of claims for failure to provide "documentation setting forth the grounds" of administrative appeals on the reasoning it could not be determined whether the arguments in a declarative rights petition "were identical to those raised before the Warden"). "The purpose of KRS 454.415(3) is not only to verify that the administrative process was utilized, but also to show that the administrative agency was first afforded an opportunity to address the substantive arguments raised in the judicial proceeding." *Bailey v. Crews*, No. 2022-CA-0503-MR, 2023 WL 2439830, at *2 (Ky. App. Mar. 10, 2023)

Defendants argue that the Department of Corrections policy requires McNichols to submit a grievance naming all individuals involved within five days, then request review, then appeal any adverse decision. [DE 95 at 2176]. But in pointing to the grievances, Defendants do not argue that McNichols failed to submit the grievance in the appropriate time frame, that he failed to request review and appeal, or that he

17

failed to identify each named individual. [*Id.*]. Instead, Defendants argue that "it is unclear which grievances he alleges are related to this case" and that it "is critical to assess whether the proposed claims are identical to the claims made during the grievance process." [*Id.*]. McNichols did not attach grievances to his second amended complaint, but he did attach grievances to his reply and his first amended complaint. [DE 13; DE 89; DE 95]. McNichols did not explain how these attached grievances demonstrate his exhaustion of administrative remedies. However, his attached grievances and appeals are extensive, and Defendants do not explain how these documents specifically fail to exhaust his administrative remedies. [DE 13-4; DE 98-1].

Upon review of these grievances, it is clear that the claims for relief asserted in McNichols' second amended complaint match those asserted in his second amended complaint; McNichols extensively complained about his ears and receiving surgery for them. [DE 98-1 at 2205-2303]. The administrative agency certainly had an opportunity to address the substantive argument raised in this proceeding prior to its filing.[3] Thus the Court finds McNichols sufficiently exhausted his administrative remedies prior to filing this suit and his claims are not barred by failure to exhaust. *See Bailey*, 2023 WL 2439830, at *2 (finding that plaintiff properly exhausted administrative remedies where "[t]he claims for relief asserted in [the] administrative action match those raised in his petition thus evidencing that DOC had an opportunity to address them before he filed for judicial relief").

Finally, as McNichols concedes that he has received the injunctive relief he requested, that is, medical care for his ears, he cannot request injunctive relief at this stage. [DE 89-1 at 2142]; *see Campbell v. Thompson*, No. 2013-CA-000381-MR, 2014 WL 97896, at *3 (Ky. App. Jan. 10, 2014) ("The Department, albeit not immediately upon Campbell's demand, complied with KRS 439.3401(4) by affording Campbell the relief he requested. . . . Once it did so, Campbell's petition for declaration of rights became

---

[3] The Court also notes that although under no duty to search the record where no reference was made, it reviewed the attached grievances and found no evidence of McNichols' complaint about hearing aids. Thus, even if the Court found above that the hearing aids issue arose from the same conduct, the Court would have to dismiss such claim for failure to exhaust administrative remedies.

18

moot, and the circuit court properly dismissed the petition as such."); *and* 18 U.S.C. § 3626(a)(1)(A) ("The court shall not grant or approve any prospective relief unless the court finds that such relief . . . extends no further than necessary to correct the violation of the Federal right"). That McNichols "continues to receive ongoing treatment" does not change the fact that he has received the injunctive relief he requested. [DE 98 at 2203].

Therefore, after "taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint" as outlined above. *Crippen v. Perry*, No. 1:21-CV-00030, 2021 WL 1907823, at *4 (M.D. Tenn. May 12, 2021). The Court thus **GRANTS** McNichols' motion to amend [DE 89].

### B. Objection to Scheduling Order [DE 96] and Motion to Strike [DE 100].

As the Court has granted McNichols' Motion to Amend, a new scheduling order is necessary. Defendants Objection to the Scheduling Order and Motion to Strike McNichols' Response are moot and thus denied as such. The Court therefore **DENIES as MOOT** the Objection [DE 96] and Motion to Strike [DE 100].

### III. CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that**

1. McNichols' Motion to Amend [DE 89] is **GRANTED**;
2. Defendants' Objection to the Scheduling Order [DE 96] is **DENIED as MOOT**;
3. Defendants' Motion to Strike [DE 100] is **DENIED as MOOT**;
4. The Court **REFERS** this matter to Magistrate Judge Edwards to ensure that deadlines currently set are still appropriate and to set a new discovery schedule on notice with respect to Jordan and Hughes.

Rebecca Grady Jennings, District Judge
United States District Court

August 10, 2023

cc: Counsel of record

Rebecca Grady Jennings, District Judge
United States District Court

August 10, 2023

cc:     Counsel of record